**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**                        11-CR-0031A

v.

**DWAYNE INGRAM,**

                **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Dwayne Ingram ("the defendant"), has filed an omnibus discovery motion (Docket #9) wherein he sought various items of discovery. A number of these requests were resolved at the oral argument of the motion on May 11, 2011 wherein a number of the discovery requests were DENIED on the basis of mootness. All that remains are defendant's request to reserve his right to view the contraband which the government will offer as evidence at his trial and his request for the early production and disclosure of *Jencks* statements.

## **DISCUSSION AND ANALYSIS**

The defendant has requested that he be allowed to reserve his right to view the contraband which the government intends on introducing as evidence against him at his trial. This request is GRANTED since the defendant is entitled to inspect such item(s) prior to trial pursuant to Rule 16(a)(1)(E) of the Fed. R. Crim. P.

The defendant has requested that the government be required to make "early disclosure of Jencks Act material." This request is DENIED. The government is not required to disclose and turn over statements of potential government witnesses, *i.e.*, *Jencks* statements, until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed. R. Crim. P.; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy, or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

## **CONCLUSION**

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:     Buffalo, New York
           June 21, 2011


                                        *S. H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**